FILED

OCT 10 2024

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

**United States District Court**

Eastern District of North Carolina, Western Division

Case No. 5:22-CT-03149-BO

---

**Alvin B. Truesdale**

     **Plaintiff,**

-vs-

**United States of America**

     **Defendant.**

---

**Pro Se Complaint Under the Federal Tort Claims Act (FTCA)**

**28 U.S.C. Sec. 2672, et seq.**

ALVIN B. TRUESDALE

835 LOG CABIN RD

CHARLOTTE, NC 28213

Alvintruesdale19@gmail.com

## I. Plaintiff Information
**Alvin B. Truesdale**
835 Log Cabin Rd.
Charlotte, NC 28213

## II. Prisoner Status

Plaintiff was granted immediate release from federal prison on September 8, 2023.

## III. Defendant Information
**United States of America**
c/o United States Department of Justice
950 Pennsylvania Avenue NW, Washington, DC 20530

## IV. Statement of Claim

**Place of Occurrence:** Butner Low Security Correctional Institution (LSCI-Butner)

**Date of Occurrence:** April 3, 2020 and April 16, 2020

## Overview of Claims

This action is brought under the Federal Tort Claims Act (FTCA), 28 U.S.C. Sec. 2671-268

seeking compensation for physical and emotional injuries resulting from action and omissions of federal employees. Plaintiff alleges that federal employees, acting within the scope of their employment, used unlawful force and failed to protect him from harm inside a federal prison, which caused him significant physical and emotional injuries.

## Claims and Allegations

**1. Negligent Use of Force and Chemical Agents** (April 3, 2020 Incident):

\* On April 3, 2020, at approximately 4:00 PM, federal employees, including Warden Thomas Scarantino, Warden Tamara S. Lyn, Associate Warden Hayward, and Deputy Captain Toysha Lesile, authorized the use of explosive devices and chemical agents in Plaintiff's housing unit (D-A) at LSCI-Butner.

\* The deployment of these devices caused Plaintiff severe physical injuries, including burning of the eyes, violent coughing, foaming from the mouth, and ringing in the ears, which suggests possible eardrum damage.

\*The use of chemical agents and explosives was disproportionate to any threat posed and demonstrates **negligence** in the failure to protect the safety of inmates, including Plaintiff, from excessive and armful force.

### 2. Failure to Prevent Harm by Non-identified Individuals

\*Defendants' failure to identify individuals responsible for the use of force in the April 3, 2020, incident, whether federal employees or acting under federal direction, constitutes a negligent failure in their duty to manage and secure the facility properly.

\*These individuals were allowed access to the inner and outer perimeters of a highly secured federal facility, indicating they were likely operating under the supervision or authority of federal employees. Failure to control or prevent this conduct resulted in harm to Plaintiff and demonstrates negligence.

### 3. Negligent Supervision and Oversight of Riot-Squad Activity

*On or about April 28, 2021, Defendant federal employees, in response to Plaintiff's inquiries, conceded that non-BOP staff may have been involved in the April 3, 2020, incident. However, fderal employees responsible for the supervision and management of the facility failed to provide proper oversight, resulting in harm to Plaintiff.

* By allowing non-identified individuals to operate in a manner that led to Plaintiff's injuries, federal employees breached their duty to ensure the safety and security of inmates under their care, constituting **negligent** supervision.

### 4. Second Incident of Excessive Force (April 16, 2020 Incident):

* On April 16, 2020, at approximately 8:30 PM, federal employees including Lieutenant Jones, entered Plaintiff's housing unit with riot-gear-clad personnel. The group entered with guns drawn, creating a threatening and chaotic atmosphere without legitimate justification.

* The entry was not accompanied by a penological reason, nor was it in response to an emergency. The use of such force was unnecessary and disproportionate, amounting to **negligence** in the use of force and failure to ensure reasonable treatment of inmates.

**5. Failure to Provide Medical Attention After Deployment of Chemical Agents:**

\*Following the deployment of chemical agents on April 3, 2020, Plaintiff suffered severe symptoms, including burning eyes, coughing, and foaming from the mouth, yet was denied appropriate medical treatment.

\* The failure to provide timely medical care after an incident involving hazardous chemicals demonstrates **negligence** and a failure to meet the standard of care required by federal employees responsible for inmate welfare.

### V. Administrative Procedures:

Plaintiff exhausted administrative procedures before filng this action in federal court.

## VI. Relief:

Plaintiff seeks compensatory damages for the physical and emotional injuries sustained as a result of the negligence and wrongful actions of federal employees. Specifically, Plaintiff requests:

1). That the Court issue an Order finding that Plaintiff shall have an opportunity to conduct discovery before the Court entertains any dispositive motions.

2). That the Court consider Rule 39(c) for an advisory jury, although it is not a core aspect of Plaintiff's complaint.

3). That the Court grant Plaintiff's demand for a bench trial.

4). That the Court, of its own initiative, impanel an Advisory Jury.

5).That the Clerk of Court schedule this matter for trial at a time certain.

6). That the Court render judgment against the Defendant.

7). Any further relief deemed just and proper by the Court.

## VII. Plaintiff's Declaration And Warning

Under Federal Rules of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief the complaint:

1). Is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

2). Is supported by existing law or by a nonfrivolous argument for extending or modifying existing law;

3). The factual circumstances have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;

4); The complaint otherwise complies with the requirements of Rule 11.

Dated: October 7, 2024

**Plaintiff's Signature**

**Printed Name:** Alvin B. Truesdale

835 Log Cabin Rd

Charlotte, NC 28213

Alvintruesdale19@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2024, I caused a true and correct copy of the following document:

"Pro Se Complaint Under Federal Tort Claims Act (FTCA)

28 U.S.C. Sec. 2672, et seq."

To be served upon the following party by First Class U.S. Postage Mail to

Michael F. Easley Jr.

U.S. Attorney for the E.D.N.C.

150 Fayetteville Street

Suite 2100

Raleigh, North Carolina 27601

Attn: Civil Process Clerk

I certify that the foregoing is true and correct under penalty of perjury.

October 7, 2024.

Respectfully submitted,

ALVIN B. TRUESDALE